IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ALVARO LARIOS, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 5:09CV176 |
| | § | |
| v. | § | |
| | § | JUDGE DAVID FOLSOM |
| UNITED STATES OF AMERICA, | § | MAGISTRATE KEITH F. GIBLIN |
| | § | |
| Respondent. | § | |

**RESPONDENT'S RESPONSE TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

Respondent United States of America[1], by and through John M. Bales, United States Attorney for the Eastern District of Texas, and Ruth Harris Yeager, Assistant United States Attorney for the Eastern District of Texas, responds to the Petition for Writ of Habeas Corpus in the above-styled and numbered cause. For the reasons set forth in the incorporated Memorandum of Law, the Respondent respectfully requests that the petition be denied.

**I. Facts and Proceedings**

In its Per Curiam opinion dated November 2, 2009, the Fifth Circuit ordered that the claim raised on appeal from the Western District of Texas by Petitioner Alvaro Larios in his Successive Motion Pursuant to 28 U.S.C. § 2255 be construed liberally as a claim seeking relief as a 28 U.S.C. §2241 petition under §2255's savings clause. *See Castro v. United States*, 540

---

[1]The only proper respondent in a habeas corpus action is the Warden of the institution where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. §2243. The proper respondent is Warden Keith Roy, Warden at the Federal Correctional Institution (FCI), Texarkana, Texas, where Petitioner is housed. Warden Keith Roy should be replaced in the case caption as the only proper respondent.

-1-

U.S. 375, 381 (2003); *Reyes-Requena v. United States*, 243 F. 3d 893, 901 (5th Cir. 2001); *United States v. Weathersby*, 958 F 2d 65, 66 (5th Cir. 1992). The Fifth Circuit further ordered that the construed petition for writ of habeas corpus is transferred to the United States District Court for the Eastern District of Texas for disposition since Petitioner Alvaro Larios is currently incarcerated in the Eastern District of Texas.

The Fifth Circuit's order also included a succinct history of the proceedings which is set forth in full for the benefit of this Court:

In December 2006, Petitioner Alvaro Larios federal prisoner # 67226-180, was convicted by guilty plea in the Western District of Texas of the use and possession of a destructive device in the course and furtherance of a drug trafficking crime pursuant to 18 U.S.C. §924(c)(1). He was sentenced to 25 years of imprisonment and three years of supervised release. After the denial of his first 28 U.S.C. § 2255 motion, Larios filed a second § 2255 motion alleging that the conduct for which he was convicted was decriminalized in *Watson v. United States*, 552 U.S. 74 (2007). The district court [for the Western District of Texas] dismissed without prejudice Larios's second § 2255 motion as successive and unauthorized. In the alternative, the district court construed Larios's motion as seeking permission to file a successive § 2255 motion and denied that motion for lack of jurisdiction.

In its November 2, 2009 Order, the Fifth Circuit noted that on appeal Larios sought a certificate of appealability (COA), leave to proceed in forma pauperis (IFP) on appeal, and appointment of counsel. Having found Larios failed to meet the standard set out in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) to obtain a COA when the district court's denial of § 2255 relief is based on procedural grounds without analysis of the underlying constitutional claims,

those motions were all denied. The Fifth Circuit also held that he failed to make the requisite showing needed under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive § 2255 motion in the district court. Thus, as a result of the Fifth Circuit's Order, the sole remaining issue before this Court is the disposition of the construed Petition for Writ of Habeas Corpus seeking relief as a 28 U.S.C. §2241 petition under Section 2255's savings clause. As shown herein, Petitioner cannot meet the stringent requirements of Section 2255's "savings clause", so the petition must be denied.

## II. Argument

Petitioner relies upon *Watson v. United States*, 552 U.S. 74 (2007) to support his claim that the conduct for which he was convicted was decriminalized, and thereby state a case for a 28 U.S.C. §2241 petition under §2255's savings clause. His reliance upon *Watson* is misplaced. The conduct to which Petitioner pled guilty was the *use and possession* of a destructive device in the course and furtherance of a drug trafficking crime pursuant to 18 U.S.C. §924(c)(1). (emphasis added). The Supreme Court in *Watson* dealt only with the question of whether a person "uses" a firearm (i.e. a destructive device) within the meaning of 18 U.S.C. §924(c)(1) when he trades narcotics to obtain a gun. So, *Watson* addresses only the first alternative of the two to which Petitioner pled, and he cannot establish that he was convicted of "a nonexistent offense".

Under the savings clause, Petitioner is required to show that his claims: (i) are based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) were "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."

*Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 476 (2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner cannot establish the first prong of this test.

A defendant may not use a new rule of constitutional law that has not been made retroactive on collateral review to gain access to the savings clause. *See Reyes-Requena*, 243 F.3d at 906 n.34. In *Watson*, the Supreme Court did not make its holding retroactive. The Supreme Court in *Watson* held that a defendant who receives a gun as payment for drugs does not "use" a gun for purposes of 18 U.S.C. § 924(c). *Watson,* 552 U.S. at 83. However, by the time the Supreme Court decided *Watson*, Congress had responded to the Court's decision in *Bailey v. United States*, 516 U.S. 137(1995) by amending 18 U.S.C. § 924(c) to its present form, adding the prohibition on possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c). Because the defendant in *Watson* was charged under only the "use" prong of § 924(c), the Supreme Court reserved the question of whether he could have been found guilty of possessing a gun "in furtherance of" his drug trafficking. *See Watson,* 552 U.S. at 83, citing *United States v. Cox*, 324 F. 3d 77, 83, n.2 (C.A.2 2003)("For defendants charged under § 924(c) after the [post-*Bailey*] amendment, trading drugs for a gun will probably result in ...possession [in furtherance of a drug trafficking crime]").

Since *Watson*, several courts of appeals, including the Fifth Circuit, have considered whether a defendant who receives a firearm in exchange for drugs possesses that firearm in furtherance of a drug trafficking crime, and they have all decided or assumed without deciding that such a defendant does violate § 924(c). *See United States v. Sterling,* 555 F.3d 452, 458 (5th Cir. 2009)(assuming without deciding that bartering drugs for guns constitutes "possession in

furtherance" of a drug trafficking offense); *United States v. Mahan*, 586 F.3d 1185, 1188 (9th Cir. 2009)("a defendant who accepts firearms in exchange for drugs possesses the firearms 'in furtherance of ' a drug trafficking offices"); *United States v. Dolliver*, 228 Fed. Appx. 2,3 (1st Cir. 2007) (holding that trading drugs for a gun violates the "in furtherance of" prong of § 924(c)); *United States v. Luke-Sanchez*, 483 F. 3d 703,706 (10th Cir. 2007)(same); *see also United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005) (same).

In summary, Section 924(c) contains two separate offenses: (1) using or carrying a firearm during or in relation to a drug trafficking crime, and (2) possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c). *Watson* addresses only the first alternative. Petitioner was charged with, and pled guilty to, both alternatives. Accordingly, *Watson* does not provide a basis for invalidating Petitioner's guilty plea. Petitioner has failed to establish the first prong under the savings clause that his claims: (i) are based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense. Here, Petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, Petitioner doe not meet the criteria required to support a claim under the savings clause of §2255, and his Petition must be denied.

**WHEREFORE,** Respondent respectfully requests that the Petition for Writ of Habeas Corpus be denied in all respects.

    Respectfully submitted,

    JOHN M. BALES
    UNITED STATES ATTORNEY

    */s/ Ruth Harris Yeager*
    RUTH HARRIS YEAGER
    Assistant United States Attorney

Texas Bar No. 09092700  
110 N. College, Suite 700  
Tyler, TX 75702  
(903) 590-1400  
(903) 590-1436 (fax)  
Email: Ruth.Yeager@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2010, a true and correct copy of the foregoing ***Respondent's Response to Petition for Writ of Habeas Corpus*** has been served on the *pro se* petitioner as follows:

| | |
|---|---|
| Alvaro Larios | **CMRRR 7008 1300 0001 1589 8313** |
| Fed. Reg. #67226-180 | |
| FCI Texarkana | |
| P.O. Box 7000 | |
| Texarkana, TX 75505 | |

***/s/ Ruth Harris Yeager***  
RUTH HARRIS YEAGER  
Assistant United States Attorney