IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

ALVARO LARIOS                        §

VS.                                  §    CIVIL ACTION NO. 5:09cv176

UNITED STATES OF AMERICA             §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Alvaro Larios, an inmate incarcerated within the

Bureau of Prisons, proceeding *pro se*, filed what has been

construed as a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]

The above-styled action was referred to the undersigned

magistrate judge pursuant to 28 U.S.C. § 636 and the Amended

Order for the Adoption of Local Rules for the Assignment of

Duties to the United States Magistrate Judge for findings of

fact, conclusions of law, and recommendations for the disposition

of the case.

---

[1]  Petitioner originally filed his pleading in the United States
District Court for the Western District of Texas as a successive motion to
vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  That
court dismissed the filing for lack of jurisdiction.  Petitioner sought a
certificate of appealability from the United States Court of Appeals for the
Fifth Circuit.  The appellate court denied his request, but stated the filing
could be liberally construed as a petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2241 and transferred the matter to this court, where petitioner
is incarcerated.  *United States v. Larios*, No. 08-51318 (5th Cir. Nov. 5,
2009).

## Factual Background

In 2006, pursuant to a plea of guilty entered in the United States District Court for the Western District of Texas, petitioner was convicted of using and possessing a destructive device in the course and furtherance of a drug trafficking crime. He was sentenced to 25 years imprisonment. Petitioner states he received 15 hand grenades from an undercover law enforcement agent in exchange for cocaine. He did not appeal his conviction or sentence.

Petitioner subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. His motion to vacate was denied by the trial court on January 3, 2008.

## Ground for Review

Relying on *Watson v. United States*, 552 U.S. 74 (2007), petitioner asserts his conviction was invalid because it was based upon a trade of narcotics for destructive devices.

## Analysis

Petitioner is not challenging the method in which his sentences are being executed. Instead, petitioner is attacking his convictions and his sentences as they were imposed by the trial court. While a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the proper method for challenging the

manner in which a sentence is being executed, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Section 2255 provides the primary means of collateral attack on a federal sentence."). There is one exception to this general rule. A prisoner may utilize Section 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[2]

As stated above, a prior motion to vacate, set aside or correct sentence filed by petitioner was denied. Accordingly, petitioner is asserting Section 2255 is not adequate or effective to test the legality of his convictions and sentence because, as petitioner has had a prior motion to vacate denied, he is to some extent barred from filing additional motions to vacate pursuant

---

[2] The fifth paragraph of Section 2255 provides as follows: (a) "An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

to Section 2255.[3]  However, as a petition filed pursuant to

Section 2241 may not be used merely as a substitute for a motion

to vacate filed under Section 2255, the burden is on the

petitioner to come forward with evidence to show the inadequacy

or ineffectiveness of a motion filed under Section 2255.  *McGhee*

*v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

A motion to vacate filed pursuant to Section 2255 is not

inadequate or ineffective to test the legality of a prisoner's

detention merely because the prisoner is unable to meet the

stringent statutory requirements for bring a successive motion to

vacate.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

However, the United States Court of Appeals for the Fifth Circuit

has recognized one circumstance in which Section 2255 is

inadequate to test the legality of a prisoner's detention.  In

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.

2001), the Fifth Circuit held Section 2255 was inadequate or

ineffective with respect to a claim which:  (a) is based on a

---

[3]  The Antiterrorism and Effective Death Penalty Act of 1996 amended
Section 2255 to impose restrictions on second or successive motions to vacate.
As amended, Section 2255 prohibits consideration of a second or successive motion
to vacate unless it is certified by the appropriate federal court of appeals to
be based on either:  (a) newly discovered evidence sufficient to establish by
clear and convincing evidence that no reasonable factfinder could have found the
petitioner guilty of the offense for which he was convicted or (b) a new rule of
constitutional law, made retroactive to cases on collateral review by the Supreme
Court, that was previously unavailable.

retroactively applicable Supreme Court decision which establishes

the petitioner may have been convicted of a nonexistent offense

and (b) was foreclosed by established circuit law at the time

when the claim should have been raised during the petitioner's

trial, direct appeal or initial motion to vacate filed under

Section 2255.

As indicated above, petitioner argues that the Supreme

Court's decision in *Watson* establishes that he was convicted of a

nonexistent offense.  In *Watson*, the defendant negotiated the

purchase of a semi-automatic pistol from an undercover law

enforcement agent.  He paid for the weapon with OxyContin

tablets.  He was subsequently arrested and convicted of using the

pistol during and in relation to a drug trafficking crime.

On appeal, Watson argued that trading a firearm for drugs

did not constitute the use of a firearm and therefore did not

violate 18 U.S.C. § 924(c), which provides for criminal penalties

against "any person who, during and in relation to any ... drug

trafficking crime ... uses or carries a firearm, or who, in

furtherance of any such crime, possesses a firearm ...."  The

courts of appeal were divided over the question of whether

bartering a firearm for drugs fell within the statutory

prohibition against using a firearm.  In resolving the issue in

Watson's favor, the Supreme Court held that a person who receives a firearm in exchange for drugs has not used the firearm as part of the transaction. While the seller of the firearm may have used it to get drugs, the purchaser used the drugs to get the firearm and did not use the firearm simply by obtaining it, no matter how it was paid for. However, while the Court overturned Watson's conviction because he had been charged only with the use of a firearm in relation to a drug trafficking crime, the Court did not address whether he could have been convicted for possessing the firearm in furtherance of such a crime.

In this case, petitioner in essence asserts his situation is indistinguishable from Watson's. However, while petitioner, like Watson, was convicted of using a destructive device in relation to a drug trafficking offense, he was also convicted of possessing a destructive device in connection with a drug trafficking offense. As the Supreme Court did not rule whether a defendant who came into possession of a firearm or destructive device by trading drugs for it could be convicted of possessing a firearm in connection with a drug trafficking offense, *Watson* has no relevancy to the question of whether petitioner possessed a destructive device and does not establish petitioner was convicted of a nonexistent offense. His ground for review is

therefore not cognizable in a petition filed pursuant to Section 2241.

### Recommendation

This petition for writ of habeas corpus should be denied.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED** this __20__ day of __July__, 2010.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE